# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

GARY BERNARD SANDERS,     )
)
       Petitioner,     )   C. C. A. NO. 02C01-9902-CC-00045
)
vs.     )   LAUDERDALE COUNTY
)
STATE OF TENNESSEE,     )   No. 5071
)
       Respondent.     )

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The petitioner is currently serving a life sentence for 1975 convictions of felony murder and armed robbery. In his present petition, the petitioner contends: 1) he could not have been convicted of murder and robbery after the state sought to nolle prosequi prior similar charges; 2) his constitutional rights were violated when he was not present at the hearing on the commutation of his death sentence; 3) the robbery statute under which he was convicted is void because he did not receive notice of an amendment to the statute; and 4) he was not afforded an opportunity to be heard at his sentencing hearing.

Having reviewed the state's motion in light of the petitioner's brief and response, and the record as a whole, we conclude that the motion is well-taken and should be granted. In denying the petition, the trial court found that the petitioner had failed to show upon the face of the judgment or the record that the proceedings upon which the judgment was rendered that the convicting court was without jurisdiction or authority to sentence the petitioner or that the petitioner's sentence of imprisonment or other restraint has expired. See State v. Archer, 851 S.W.2d 157 (Tenn. 1993).

We agree with the trial court's ruling. The convicting court in this case had jurisdiction over both the subject matter and person, and nothing in the record before us demonstrates that the convicting court's actions were unauthorized. Nor has the petitioner shown that his sentence has expired. Accordingly, even if the petitioner's claim has merit, such claim renders the judgment voidable, not void, and it may not be collaterally attacked in a suit for habeas corpus relief. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The court below therefore correctly denied the petitioner the requested habeas corpus relief.

Accordingly, having reviewed the entire record in light of the petitioner's claims, we cannot find any error committed by the trial court in denying the petition. It is therefore ORDERED that the state's motion is granted. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's denial of the petitioner's petition for writ of habeas corpus. Costs of this appeal shall be assessed against the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE